IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAMAL KHANDELWAL, and SHIVAM ENTERPRISES,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SUNDERLANDS, A Samsara Surfaces Entity, Omaha-Nebraska; and SUNDERLANDS, A Samsara Surfaces Entity, Urbandale-Desmoines;<br><br>          Defendants. | 8:25CV122<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on its own motion. Plaintiff Kamal Khandelwal ("Khandelwal") filed a Complaint, Filing No. 1, on February 21, 2025, purportedly on behalf of co-Plaintiff Shivam Enterprises ("Shivam"), a company with offices in the United States and India. Attached to the Complaint are documents indicating Shivam has designated Khandelwal as their power of attorney and that Khandelwal may also be an attorney in India, but there is nothing in the Complaint or the Court's records showing Khandelwal is an attorney authorized to practice law in this Court. See Filing No. 1 at 7–10, 14–16. Upon review, this matter may not proceed further until Plaintiffs Khandelwal and Shivam correct the following deficiencies.

First, Plaintiffs failed to include the $405.00 filing and administrative fees. Plaintiffs may either submit the $405.00 filing and administrative fees to the Clerk's office or submit a request to proceed in forma pauperis, though the latter option is only available to Khandelwal individually. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993) (statute authorizing civil litigants to

proceed in forma pauperis, 28 U.S.C. § 1915, applies only to a natural person, not artificial entities). Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiffs.

Second, it is well settled that corporations, partnerships, or other legally construed associations or entities may not appear in federal court other than through a licensed attorney. Rowland, 506 U.S. at 202. The Court has construed the Complaint as one brought by Khandelwal individually and Shivam, which is a company registered in India, see Filing No. 1 at 7, and neither Khandelwal nor Shivam are represented by counsel authorized to practice in this Court. While Khandelwal may represent himself, Shivam cannot nor can Khandelwal represent Shivam as he is not properly licensed to appear as counsel in this Court. See Rowland, 506 U.S. at 202. As such, Shivam must obtain legal counsel to proceed, or the Complaint must be amended to dismiss Shivam as a party to the suit.

IT IS THEREFORE ORDERED that:

1.   Plaintiffs are directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

2.   Plaintiffs also shall have 30 days to seek qualified legal counsel to represent Plaintiff Shivam Enterprises, or, alternatively, Plaintiffs may amend their Complaint to dismiss Shivam as a party to this suit. Failure to take either action will result in dismissal of Shivam as a party to this suit.

3.   The Clerk of the Court is directed to send to Plaintiffs the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **April 18, 2025**: Check for MIFP or payment and response regarding counsel for Shivam.

Dated this 19th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge